IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EDWARD TYRONE RIDLEY, | : |
| Plaintiff, | : |
| | :   NO. 1:14-CV-0164-WLS-TQL |
| VS. | : |
| STATE OF GEORGIA, et. al, | : |
| Defendant. | : |

### ORDER

Plaintiff Edward Tyrone Ridley, a state prisoner currently confined at Smith State Prison in Glenville, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.[1]  The Court has now conducted a preliminary review of the Complaint, see 28 U.S.C. § 1915A(a), and finds that Plaintiff is in effect seeking to invalidate his 2013 Crisp County conviction for failing to register as a sex offender.  Plaintiff does not allege that the conditions of his confinement are unconstitutional; he alleges that his custody itself is illegal.  Plaintiff accordingly seeks his "release from state custody," "a pardon," the removal of his name from all sex offender registries, and the expungement of his criminal history. See Compl. at 22.

The relief Plaintiff seeks is not available in a § 1983 action.  Preiser v. Rodriquez, 411 U.S. 475, 488-490, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973).  Habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129

---

[1] Because Plaintiff's Complaint was not accompanied by the required filing fee, the Court presumes that he wishes to proceed *in forma pauperis*.   Such leave is granted only for the purpose of this Order.

L.Ed.2d 383 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973)).

Where, as here, a district court concludes that a prisoner is challenging his conviction, "it should treat the case as if it was raised as a habeas corpus petition, and apply the procedural and exhaustion requirements of the Anti-Terrorism and Effective Death Penalty Act." Smith v. Southwood, 226 F. App'x 882, 882-83 (11th Cir. 2007) (citing Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir.), cert. denied, 549 U.S. 990, 127 S. Ct. 467, 166 L.Ed.2d 333 (2006)).  Plaintiff, therefore, cannot escape AEDPA's requirement that he obtain an order authorizing the filing of a second or successive habeas application by labeling his pleading a § 1983 complaint. See id; 28 U.S.C. § 2244(b)(3)(A).  A review of court records on the U.S. District Web PACER Docket Report indeed reveals that Plaintiff has already filed a federal habeas petition with respect to this conviction: Ridley v. Williams, 1:14-cv-034-WLS (M.D. Ga. 2014).

Plaintiff's pleading is accordingly **DISMISSED** without prejudice to Plaintiff's right to file, in the Eleventh Circuit Court of Appeals, a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).  The Clerk of Court is **DIRECTED** to furnish petitioner with the application form required by the Eleventh Circuit.

**SO ORDERED** this   4th   day of November, 2014.

/s/ W. Louis Sands
W. Louis Sands, Judge
UNITED STATES DISTRICT COURT